-PS/CD-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOMINICK SUTTON, 06B3550,

    Petitioner,

    -v-

HAROLD GRAHAM, Supt. of ACF,

    Respondent.

DECISION AND ORDER
11-CV-6532P

---

Petitioner Dominick Sutton filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, regarding his conviction in Supreme Court, Erie County, State of New York which was final on or about October of 2010 (Docket # 1). Respondent was directed to answer the petition and has been granted an extension of time to answer the petition. Petitioner has now written to the Court seeking the voluntary dismissal of his petition on the basis that he must exhaust certain issues and intends to add new issues (Docket # 6).

Petitioner is directed to the fact that the petition was timely when filed. However, should he withdraw the petition, since the statutory period expired before petitioner has filed any planned collateral attacks, the tolling provision would be inapplicable and any petition filed thereafter would be untimely. The filing of a federal habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 531 U.S. 991 (2001). Further, the filing of collateral attacks does not restart the statute of limitations period. As the Second Circuit made clear in *Smith v. McGinnis*, the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."

*Smith*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000). Put another way, tolling extends the time to file a habeas petition by delaying the expiration of the statutory period, but has no effect once the period has expired

Generally, a petitioner must exhaust his judicial remedies with regard to each claim that he seeks to assert in a federal habeas proceeding. *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Thus, ordinarily, a petition that contains both exhausted and unexhausted claims should be dismissed so that the state courts have an opportunity to decide the unexhausted issues. *Id.* at 510. However, a court presented with a mixed petition may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" subject to certain time limitations where a litigant may be facing a potential statute of limitations bar if the petition is withdrawn in order to exhaust. *Rhines v. Weber*, 544 U.S. 269 (2005); *and see, Zarvela v. Artuz*, 254 F.3d 374, 380-381 (2d Cir. 2001). The issuance of such a stay and abeyance order is only appropriate, however, when the Court determines that there was "good cause" for the petitioner's failure to exhaust his claims in state court, the unexhausted claims are not "plainly meritless," and there is no indication that the petitioner engaged in "intentionally dilatory litigation." *Id.* at 277.

Here, determination of these issues is not possible on the information currently before the Court. First, petitioner's papers do not identify which claims he believes may be "unexhausted." Therefore, petitioner has not established that the petition is a "mixed" petition containing exhausted and unexhausted claims. The Court cannot evaluate the request for a stay under the considerations of *Zarvela* unless a specific unexhausted claim is presented in the petition.

Second, petitioner has not addressed two of the considerations addressed in *Rhines* – specifically, his "good cause" for failure to exhaust and the merit of his claims. Appropriate discretion cannot be exercised in a void. Thus, the request for a stay must be denied without prejudice. Prior to the denial, however, the Court will permit the parties to address the issues raised by petitioner's request. Petitioner is directed to respond to this Order by **February 14, 2012**, addressing whether a stay is necessary and appropriate in this action. If petitioner intends to amend his petition to include additional claims that are not yet exhausted, he is directed to submit a proposed amended petition, including all of the claims by which he seeks to challenge the conviction, both exhausted and unexhausted. Respondent's time to answer is extended to February 29, 2012 and respondent is directed to respond to indicate whether any of the claims are unexhausted and whether issues of exhaustion are waived. Nothing in this order prevents petitioner from pursuing any claims in state court while this action is pending.

SO ORDERED.

Dated: JAN. 13, 2012
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge